1 | RICHARD S. MANDEL (*admitted pro hac vice*)
    RSM@cll.com
2 | COWAN, LIEBOWITZ & LATMAN, P.C.
    1133 Avenue of the Americas
3 | New York, New York 10036-6799
    Telephone:  (212) 790-9291
4 | Facsimile:  (212) 575-0671

5 | JAMES D. NGUYEN (State Bar No. 179370)
    jimmynguyen@dwt.com
6 | SEAN M. SULLIVAN (State Bar No. 229104)
    seansullivan@dwt.com
7 | DAVIS WRIGHT TREMAINE LLP
    865 S. Figueroa Street, Suite 2400
8 | Los Angeles, California 90017-2566
    Telephone:  (213) 633-6800
9 | Facsimile:  (213) 633-6899

10 | Attorneys for Defendants and Counterclaimants
     MAJOR LEAGUE BASEBALL PROPERTIES,
11 | INC.; and SAN FRANCISCO BASEBALL
     ASSOCIATES, L.P. (sued erroneously as THE
12 | SAN FRANCISCO GIANTS BASEBALL CLUB)

13 |

14 |                    UNITED STATES DISTRICT COURT

15 |                    CENTRAL DISTRICT OF CALIFORNIA

16 | GOGO SPORTS, INC.,                    ) Case No. **CV11-7992 JHN (JEMx)**
                                           ) [Assigned to the Hon. Jacqueline Nguyen]
17 |               Plaintiff,              )
                                           )
18 |     vs.                               ) **DEFENDANTS' ANSWER TO**
                                           ) **COMPLAINT AND**
19 | MAJOR LEAGUE BASEBALL                 ) **COUNTERCLAIM**
     PROPERTIES, INC.; and THE SAN         )
20 | FRANCISCO GIANTS BASEBALL             )
     CLUB,                                 )
21 |                                       ) Complaint Filed:  September 27, 2011
                    Defendants.            )
22 | MAJOR LEAGUE BASEBALL                 )
     PROPERTIES, INC.; SAN                 )
23 | FRANCISCO BASEBALL                    )
     ASSOCIATES, L.P.,                     )
24 |                                       )
                Counterclaim-Plaintiffs,   )
25 |                                       )
         vs.                               )
26 |                                       )
     GOGO SPORTS, INC.                     )
27 |                                       )
             Counterclaim-Defendant.       )
28 |

FILED
2012 JAN -5  PM 4: 02
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:___

## ANSWER TO PLAINTIFF'S COMPLAINT[1]

Defendants Major League Baseball Properties, Inc.("MLBP") and San Francisco Baseball Associates, L.P. sued erroneously as The San Francisco Giants Baseball Club (the "Giants Club") (collectively "Defendants") hereby respond to the Complaint filed by Plaintiff Gogo Sports, Inc. ("Plaintiff" or "Gogo Sports") as follows.  Unless specifically admitted, all allegations in the Complaint are denied:

### JURISDICTION

1.    This action arises under the Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq., including more particularly 15 U.S.C. §§ 1114(1)(a), 1114(1)(b), 1125(a), 1125(c) and 1126, and Declaratory Judgment Act, 28 U.S.C. § 2201(a).

**ANSWER:**        In response to the allegations set forth in paragraph 1 of the Complaint, Defendants admit that Gogo Sports purports to bring an action under the cited statutes.

2.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**        In response to the allegations set forth in paragraph 2 of the Complaint, Defendants admit that the Court has subject matter jurisdiction pursuant to the cited statutory sections.

3.    This Court can enter the declaratory relief sought in this Complaint because this case presents an actual controversy and is within this Court's jurisdiction as set forth in paragraphs 1 and 2 above.

---

[1] As directed by the January 5, 2012 Response by Court to Notice to Filer of Deficiencies in Electronically Filed Documents (Docket Entry #15), Defendants Major League Baseball Properties, Inc. and San Francisco Baseball Associates, L.P. sued erroneously as The San Francisco Giants Baseball Club hereby re-submit their Answer to Complaint and Counterclaim which they originally filed electronically on December 7, 2011 (with the document now being manually submitted to the Court's Civil Intake Window – Spring Street Courthouse).

DEFENDANTS' ANSWER AND COUNTERCLAIM
DWT 18682034v2 0094513-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**ANSWER:**        Defendants admit that this case presents an actual controversy within the Court's jurisdiction, but otherwise deny the allegations set forth in paragraph 3 of the Complaint.

### VENUE

4.        Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c). Both Gogo Sports and Giants are found and are subject to personal jurisdiction in this judicial district, and a substantial part of the acts giving rise to this claim occurred in this judicial district.

**ANSWER:**        Defendants deny the allegations set forth in paragraph 4 of the Complaint, except admit that MLBP and the Giants Club are subject to personal jurisdiction in this judicial district for this case and admit that venue is proper in this judicial district, although Defendants believe venue is more appropriate in the Northern District of California and this issue is subject to a concurrently filed motion to transfer venue.

### PARTIES

5.        Plaintiff Gogo Sports is a California corporation with its principal place of business located at 23385 Foley Street, Hayward, California. Gogo Sports was incorporated in California in January 2006 and remains active and in good standing.

**ANSWER:**        Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6.        On information and belief, defendant Major League Baseball Properties, Inc. ("MLBP"), owner of the San Francisco Giants Baseball Club, is a New York Corporation with its principal place of business at 245 Park Ave., New York, New York 10167.

**ANSWER:**        Defendants admit the allegations set forth in paragraph 6 of the Complaint, except deny that MLBP is the owner of the San Francisco Giants

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Baseball Club (or the properly named entity, San Francisco Baseball Associates, L.P.).

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief – 28 U.S.C. § 2201(a))

7.     Gogo Sports repeats and realleges each and every allegation set forth in paragraphs 1 through 6 above as though set forth at length herein.

**ANSWER:**     Defendants repeat and reallege their responses to paragraphs 1-6 of the Complaint with the same force and effect as if set forth fully herein.

8.     Gogo Sports designs, distributes and sells polar fleece, sports apparel, casual wear, clothing accessories and related products with various custom embroidered designs and logos.  Gogo Sports is a distributor of polar fleece, sports apparel and related products.  Gogo Sports distributes custom apparel products and private label apparel programs according to its customer's requests.  Gogo Sports also has open stock inventory where its apparel retail customers can order apparel according to their requirements.  Gogo Sports is well recognized all over the U.S. by retail stores, state parks, souvenir shops, casinos, zoos, and the corporate sector.

**ANSWER:**     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint, except admit that Gogo Sports sells and distributes clothing and related products bearing various designs and logos.

9.     Gogo Sports also designs its own trademarks, including its federally registered SAN FRANCISCO CALIFORNIA word and design trademark, involved in this case, which it applies to its apparel lines for sale to its customers and retailers.  Gogo Sports has been in the business of selling clothing merchandise with its SAN FRANCISCO CALIFORNIA trademark in the state of California and through the United States.  Through its website, customers can view, but not purchase or order Gogo Sports products for sale.  Gogo Sports' trademark is registered with the United States Patent and Trademark Office with registration No. 3,933,119, registered on March 15, 2011.  A true and correct copy of Gogo Sports' registration of the word and design SAN FRANCISCO CALIFORNIA is attached as Exhibit A hereto and is incorporated herein by this reference.

**ANSWER:**     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the

3

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Complaint, except admit that the stylized logo consisting of the word "San Francisco" in a script design (the "Gogo Sports Script San Francisco Mark"), as reflected in Exhibit A to the Complaint is the subject of supplemental registration No. 3,933,119, which was registered on the Supplemental Register of the United States Patent & Trademark Office ("USPTO") as of March 15, 2011, in the name of Gogo Sports, Inc. (the "Supplemental Registration").

10.    Gogo Sports' application for trademark registration No. 3,933,119 was properly approved by the trademark examiner with the United States Patent and Trademark Office on March 15, 2011.

**ANSWER:**        Defendants deny the allegations set forth in paragraph 10 of the Complaint, except admit that following the USPTO trademark examiner's refusal to register the Gogo Sports Script San Francisco Mark on the Principal Register of the USPTO on the ground that the mark, as depicted on the submitted specimen of use, did not function as a trademark because it had not acquired distinctiveness and was merely a decorative or ornamental feature of the goods, Gogo Sports was only permitted to amend its application to the Supplemental Register for such marks that have not yet acquired the requisite distinctiveness as identifying the trademark applicant, and that, as of March 15, 2011, a supplemental registration was issued for Gogo Sports' applied-for mark on the Supplemental Register, which confers on Gogo Sports no actual trademark rights greater than what is allowable under common law.

11.    By letter dated September 7, 2011, Nicholas H. Eisenman, an attorney representing the Giants, alleged that clothing sold by Gogo Sports infringe[s] upon trademarks of the Giants and demanded that Gogo Sports "[i]mmediately cease and desist from manufacturing, advertising, marketing, distribution, offering for sale and/or selling" such clothing.  Mr. Eisenman identifies a "stylized script San Francisco mark [allegedly] owned by the Giants" and that Gogo Sports' "design is confusingly similar to the SF Script."  In reality, his self-serving claim lies on a faulty premise.  The Giants were not issued trademark registration for their San Francisco script.  Mr. Eisenman falsely suggests that they were.  (See the Giants' Registration Application, defined in paragraph 18, as Exhibit K).  In fact, the Giants were expressly denied registration by the USPTO.  (See the Registration Determination by the USPTO, as Exhibit L).  A true and correct copy of the Giants' September 7, 2011 letter is attached as Exhibit B hereto and, without admitting the truth of the allegations set forth therein, is incorporated herein by this reference.

4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**ANSWER:**     Defendants deny the allegations set forth in paragraph 11 of the Complaint, except admit that Nicholas H. Eisenman, an attorney at MLBP acting on behalf of the Giants Club, sent the September 7, 2011 letter to Gogo Sports (attached as Exhibit B to the Complaint) properly asserting that the Giants Club owned superior trademark rights in a stylized script San Francisco mark (the "Giants Script San Francisco Mark") and making the demands specified in that letter with respect to the confusingly similar Gogo Sports Script San Francisco Mark used by Gogo Sports and objecting to Gogo Sports' Supplemental Registration it received in the USPTO.  MLBP and the Giants Club otherwise respectfully refer the Court to Exhibit B, which document speaks for itself, in response to any allegations concerning the specific contents of the September 7, 2011 letter from MLBP to Gogo Sports.  MLBP and the Giants Club further admit that, based on trademark office practice relating to respective filing dates, the USPTO issued a non-final office action with respect to the application of the Giants Script San Francisco Mark citing a likelihood of confusion with the Gogo Sports Script San Francisco Mark due to the confusing similarities between the respective marks, but Defendants assert that the Giants Club owns prior common law rights in its Giants Script San Francisco Mark based on use long prior to any use made by Gogo Sports of the confusingly similar Gogo Sports Script San Francisco Mark, and based on California State trademark registration (Registration No. 114261) issued to the Giants Club for the Giants Script San Francisco Mark.

12.    By letter dated September 13, 2011, Al Mohajerian, an attorney for plaintiff Gogo Sports, responded that "Gogo Sports, Inc. has a valid trademark registration for the subject trademark."  Mr. Mohajerian enclosed a copy of the registration certificate of SAN FRANCISCO CALIFORNIA, and requested identification of MLBP's trademark registration with the USPTO.  A true and correct copy of Mr. Mohajerian's September 13, 2011 letter is attached as Exhibit C hereto and is incorporated herein by this reference.

**ANSWER:**     Defendants deny the allegations set forth in paragraph 12 of the Complaint, except admit that Al Mohajerian, an attorney for Gogo Sports, sent

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

the September 13, 2011 letter attached as Exhibit C to the Complaint in response to Mr. Eisenman's September 7, 2011 letter, and otherwise respectfully refer the Court to Exhibit C, which letter speaks for itself, in response to any allegations concerning the contents of such letter.

13.     By letter dated September 15, 2011, Mr. Eisenman threatened that "if Gogo does not voluntarily and expressly abandon its supplemental registration.. .MLBP will file a petition to cancel." By way of persuasion, he alleged that the "Giants have been using the Giants Script SF on a wide variety of goods and services since at least as early as 1993." At no time did Gogo Sports ever use the wording "Giants SF" on their products. The mark in dispute is literally about the subject trademark, i.e., SAN FRANCISCO CALIFORNIA. It is perplexing then that the Giants had not registered or attempted to register the alleged mark for approximately 18 years, until the Application was filed in April of 2011. Further, and more baffling, is that nowhere in the defendant's USPTO Application is there mention of the term "Giants" in relation to their San Francisco script. (Exhibit K). On the contrary, in his initial "cease and desist" letter, Mr. Eisenman clearly implied that the Giants had trademark registration for their San Francisco script when he said "the MLB Marks are the subject of United States federal trademark registrations, state trademark registrations and/or common law protections." (See Exhibit B). In reality, the Giants have no trademark registration with respect to the San Francisco script. Their trademark application was denied by the USPTO. (Exhibit L). A true and correct copy of the Giants' September 15, 2011 letter is attached as Exhibit D hereto and, without admitting the truth of the allegations set forth therein, is incorporated herein by this reference.

**ANSWER:**        Defendants deny the allegations set forth in paragraph 13 of the Complaint, and are without information or knowledge sufficient to form a belief as to the truth or falsity of the thought process or opinions asserted in paragraph 13, and therefore deny the same, except admit that Mr. Eisenman sent the September 15, 2011 letter attached as Exhibit D to the Complaint to Mr. Mohajerian in response to his September 13, 2011 letter, and otherwise respectfully refer the Court to Exhibit D, which letter speaks for itself, in response to any allegations concerning the contents of such letter. Furthermore, MLBP and the Giants Club respectfully refer the Court to Mr. Eisenman's original September 7, 2011 letter (Exhibit B to the Complaint), which document speaks for itself, in response to any allegations herein concerning the contents of such letter.

14.     By e-mail dated September 21, 2011, Mr. Mohajerian emphasized the defense of his client's rights and his aim for amicable resolution. He stated the need for the Giants to offer proof of registration of their mark. Further, Mr. Mohajerian

DEFENDANTS' ANSWER AND COUNTERCLAIM
DWT 18682034v2 0094513-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

requested that the Giants provide Gogo Sports with evidence of consumer confusion, and asked whether a survey had been done.  He asked for pictures of products that the Giants believed were similar to Gogo Sports products which caused consumer confusion.  A true and correct copy of Mr. Mohajerian's September 21, 2011 e-mail is attached as Exhibit E hereto and is incorporated herein by this reference.

**ANSWER:**       Defendants deny the allegations set forth in paragraph 14 of the Complaint, except admit that Mr. Mohajerian sent the September 21, 2011 e-mail attached as Exhibit E to the Complaint to Mr. Eisenman in response to Mr. Eisenman's September 15, 2011 letter, and otherwise respectfully refer the Court to Exhibit E, which e-mail speaks for itself, in response to any allegations concerning the contents of such e-mail.

15.     Defendants never provided Gogo Sports with the requested information and instead they dodged answering the inquiries altogether.  By e-mail dated September 21, 2011, Mr. Eisenman responded that Mr. Mohajerian's questions were "answered in MLBP's prior communications, irrelevant, or will be provided in the course of discovery."  Again, the Giants threatened a lawsuit if Gogo Sports did not immediately abandon the Supplemental Registration.  A true and correct copy of Mr. Eisenman's September 21, 2011 e-mail is attached as Exhibit F hereto and, without admitting the truth of the allegations set forth therein, is incorporated herein by this reference.

**ANSWER:**       Defendants deny the allegations set forth in paragraph 15 of the Complaint, except admit that Mr. Eisenman sent the September 21, 2011 e-mail attached as Exhibit F to the Complaint to Mr. Mohajerian in response to Mr. Mohajerian's e-mail earlier that day, and otherwise respectfully refer the Court to Exhibit F, which e-mail speaks for itself, in response to any allegations concerning the contents of such e-mail.

16.     Gogo Sports has not infringed and is not infringing, either directly or indirectly, contributorily, by inducement or otherwise, any trademark or protectible interest of the Giants.  Gogo Sports has never used the term "Major League Baseball" or "Giants" on their products.  Further, Gogo Sports never understood the italicized "San Francisco" to have a connotation or secondary meaning or to mean Giants baseball in the minds of the consumers.

**ANSWER:**       Defendants deny the allegations set forth in paragraph 16 of the Complaint, except deny knowledge or information sufficient to form a belief as to

DEFENDANTS' ANSWER AND COUNTERCLAIM
DWT 18682034v2 0094513-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  the truth of the allegations relating to any referenced use by Gogo Sports of the

2  marks "Major League Baseball" or "Giants."

3      17.   A search of "San Francisco Giants" in the USPTO database comes up
   with four (4) records, the first two (2) of which are dead and the latter two (2) live.
4  None of the four (4) registrants include the Giants or any Major League Baseball
   affiliate.  A true and correct copy of the USPTO search results are attached as
5  Exhibits G, H, I, and J hereto and are incorporated herein by this reference.  After
   repeated inquiries, the Giants have not produced a valid registration for the subject
6  mark.  Gogo Sports, on the other hand, and which the Giants acknowledge (See
   Exhibit B), has obtained a Supplemental Registration for SAN FRANCISCO
7  CALIFORNIA.  Supplemental Registration of a mark, as the Giants know, gives the
   holder of a mark a certain measure of trademark protection.

8

9  **ANSWER:**      Defendants deny the allegations set forth in paragraph 17 of

10  the Complaint, except admit that the Giants Club has applied for a federal trademark

11  registration for the Giants Script San Francisco Mark and that Gogo Sports merely

12  owns the Supplemental Registration for its Gogo Sports Script San Francisco Mark,

13  and deny knowledge or information sufficient to form a belief as to the truth of any

14  allegations concerning the purported search run by Gogo Sports of the USPTO

15  database or the results obtained from any such alleged search.  Further answering the

16  allegations set forth in paragraph 17 of the Complaint, MLBP and the Giants Club

17  specifically deny that the Supplemental Registration, which simply reflects the

18  USPTO's judgment that a mark in question is capable of obtaining trademark

19  significance following a proper showing of acquired distinctiveness, provides Gogo

20  Sports with any valid trademark rights and also allege that the Giants Club owns

21  trademark rights superior to any trademark rights Gogo Sports may have by virtue of

22  the Giants Club's prior common law rights in the Giants Script San Francisco Mark,

23  and California State trademark registration (Registration No. 114261) obtained for

24  the same, as a result of use long before any use by Gogo Sports of its confusingly

25  similar Gogo Sports Script San Francisco Mark.

26      18.   Upon further research, it has come to the attention of Gogo Sports that a
   registration application was filed with the USPTO on April 26, 2011 ("Application")
27  regarding the italicized "San Francisco".  In the Application, MLBP never referenced
   their applied-for mark as being affiliated with or having to do with Major League
28  Baseball's Giants team.  No secondary meaning can be implied or is even suggested.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Further, and more importantly, the registration of the applied-for mark was refused on August 8, 2011 based on "a likelihood of confusion with the mark in U.S. Registration No. 3,933,119"; in other words, the application was DENIED based on the likelihood of confusion with Plaintiffs SAN FRANCISCO CALIFORNIA mark. USPTO trademark examining attorney Amy E. Hella stated that "the marks are virtually identical" and that "the goods are identical." Ms. Hella cited Trademark Act Section 2(d), 15 U.S.C. § 1052(d), which bars "registration of an applied-for mark that so resembles a registered mark that it is likely that a potential consumer would be confused or mistaken or deceived as to the source of the goods and/or services of the applicant and registrant." A true and correct copy of Registration Application Serial No. 85304372, filed by applicant San Francisco Baseball Associates, L.P., as well as the USPTO Determination of the Application, are attached as Exhibit K and L, respectively hereto and are incorporated herein by this reference.

**ANSWER:**      Defendants deny the allegations set forth in paragraph 18 of the Complaint, except admit that the Giants Club filed an application to register its Giants Script San Francisco Mark with the USPTO on April 26, 2011 asserting acquired distinctiveness under Section 2(f), 15 U.S.C. § 1052(f) and, based on trademark office practice relating to the order of filing, that a non-final office action was issued on the basis of a likelihood of confusion with the prior filed Gogo Sports Script San Francisco Mark, which only received a supplemental registration as a non-distinctive mark. MLBP and the Giants Club otherwise respectfully refer the Court to Exhibits K and L, which documents speak for themselves, in response to any allegations concerning the contents of the trademark application filed by the Giants Club or the USPTO's determination with respect to such application. Further answering the allegations set forth in paragraph 18 of the Complaint, MLBP and the Giants Club allege that the USPTO correctly determined that there is a likelihood of confusion between the Giants Script San Francisco Mark and the Gogo Sports Script San Francisco Mark, but it is the Giants Club that is the prior user with respect to the parties' respective marks (a fact that does not fall within the purview of the determination to be made by the USPTO trademark examiner in reviewing a mark for registration because the USPTO can only look to the filing dates of the applications in such a context and determinations of priority must be made in either a contested

9

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1 | proceeding in the USPTO or a court litigation such as this one – in which the Giants

2 | Club has asserted counterclaims based on its superior trademark rights).

3 |      19.    Defendant alleges that Gogo Sports' "manufacturing, advertising,

4 | marketing, distribution, offering for sale and/or selling" are an "obvious attempt to benefit from the goodwill associated with the Giants and/or Major League Baseball."

5 | (See Exhibit B).  The presumption that the Giants lean on is that somehow, the word "San Francisco" creates, in the minds of consumers, a secondary meaning that

6 | creates confusion with the Major League Baseball's Giants team.  The allegation is baseless and without merit.  "San Francisco" is no more associated with the San

7 | Francisco Giants than it is with the San Francisco 49ers or hundreds of other organizations or retail outlets, et al., using the name "San Francisco".  Further, Gogo

8 | Sports' alleged infringing mark "consists of the stylized wording SAN FRANCISCO CALIFORNIA."  (See Exhibit A).  The word "California" is a term not in the Giants'

9 | San Francisco script.

10 | **ANSWER:**     Defendants deny the allegations set forth in paragraph 19 of

11 | the Complaint, except admit that Exhibit B to the Complaint sets forth the claim

12 | made by MLBP concerning Gogo Sports' use of its Gogo Sports Script San

13 | Francisco Mark, and respectfully refer the Court to Exhibit B, which letter speaks for

14 | itself, in response to allegations concerning the contents of such letter.  Further

15 | answering the allegations of the Complaint, MLBP and the Giants Club allege that

16 | the rights they are asserting are in the name "San Francisco" as depicted in the

17 | particular script stylized presentation shown in the Giants Script San Francisco Mark,

18 | and that there exists obvious and confusing similarity (as correctly noted by the

19 | USPTO) between that Giants Script San Francisco Mark and the Gogo Sports Script

20 | San Francisco Mark, which is exacerbated by Gogo Sports' use of the Gogo Script

21 | San Francisco Mark in connection with the Club Trade Dress and Club Trade Dress

22 | Colors (as defined below).  Moreover, such confusion is not dispelled by the fact that

23 | the Gogo Sports Script San Francisco Mark also contains the word "California"

24 | within the tail of the mark (while the Giants Script San Francisco Mark does not)

25 | because, even if the word "California" could function as a distinguishable word in

26 | this situation (which Defendants have not conceded it can since the Giants Club is

27 | also located in California), the particular depiction of the word "California" in the

28 | Gogo Sports Script San Francisco Mark is very much smaller and much less

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

prominent than the "San Francisco" portion of Gogo Sports' mark, and when the mark as a whole is depicted in certain sizes and contexts, the lettering of the word "California" is barely noticeable.

20.    In light of the Giants' ill founded accusations of infringement and its threat to bring suit if Gogo Sports does not immediately cease and desist from further "manufacturing, advertising, marketing, distribution, offering for sale and/or selling" of its clothing, an actual controversy has arisen and now exists between the Giants and Gogo Sports as to the non-infringement by Gogo Sports of any trademark or other protectible interest of the Giants as a result of Gogo Sports' advertising, marketing, distribution and sale of its SAN FRANCISCO CALIFORNIA products.

**ANSWER:**        Defendants deny the allegations set forth in paragraph 20 of the Complaint, except admit that an actual controversy has arisen and now exists between the Giants Club and Gogo Sports concerning Gogo Sports' infringing use and registration of the Gogo Sports Script San Francisco Mark.

21.    Gogo Sports is entitled to a declaratory judgment that it has not infringed any trademark or any other protectable interest of the Giants and that defendant has no valid trademark or other protectable interest in any products advertised, marketed, distributed or sold by Gogo Sports.

**ANSWER:**        Defendants deny the allegations set forth in paragraph 21 of the Complaint.

**PLAINTIFF'S PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to any relief requested in Paragraphs A-H of Plaintiff's prayer for relief or any other relief whatsoever from Defendants.

**DEFENDANTS' AFFIRMATIVE DEFENSES**

Without conceding that any of the following necessarily must be pleaded as an affirmative defense or that any of the following is not already at issue by virtue of the foregoing responses to Plaintiff's allegations, Defendants hereby assert the following affirmative defenses. Defendants reserve the right to add to or amend their defenses further as additional information is developed through discovery or otherwise.

11

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

## Second Affirmative Defense

Venue should be transferred to the Northern District of California pursuant to 28 U.S.C. § 1404(a).

## DEFENDANTS' PRAYER FOR RELIEF AS TO COMPLAINT

WHEREFORE, Defendants demand that judgment be entered against Plaintiff as follows:

1.     That Plaintiff take nothing by its Complaint;

2.     That Plaintiff's Complaint be dismissed with prejudice;

3.     That Defendants be awarded their costs of suit, prejudgment interest and attorneys' fees; and

4.     That Defendants be awarded such other and further relief as the Court may deem proper.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DEFENDANTS' ANSWER AND COUNTERCLAIM
DWT 18682034v2 0094513-000003

## COUNTERCLAIMS

For their Counterclaims against Gogo Sports, Defendants and Counterclaim-Plaintiffs state as follows:

### PARTIES

1.     Defendant and Counterclaim-Plaintiff MLBP is a New York corporation with its principal place of business at 245 Park Avenue, New York, New York 10167.  MLBP is indirectly owned by, is a licensee of, and acts as licensing agent for, each of the 30 Major League Baseball Clubs, including Defendant Giants Club, the Office of the Commissioner of Baseball and their respective affiliated and related entities (collectively, the "MLB Entities").  In that role, MLBP is responsible for, among other things, licensing the manufacture, production, distribution and promotion of products and services bearing the intellectual property of MLBP and the MLB Entities, including, without limitation, the Giants Club and for the protection and endorsement of such intellectual property.

2.     Defendant and Counterclaim-Plaintiff Giants Club is a California limited partnership with a principal place of business at AT&T Park, 24 Willie Mays Plaza, San Francisco, California 94107.  Giants Club is the owner of the SAN FRANCISCO GIANTS Major League Baseball club.

3.     Upon information and belief, Plaintiff and Counterclaim-Defendant Gogo Sports is a California corporation with its principal place of business located at 23385 Foley Street, Hayward, California.  Upon information and belief, Gogo Sports is in the business of manufacturing and selling clothing.

### JURISDICTION AND VENUE

4.     This Court has jurisdiction over the counterclaims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338 as the counterclaims arise under the Lanham Act, 15 U.S.C. §1051 et seq., as amended, and pursuant to principles of supplemental jurisdiction.  Venue of these counterclaims is proper in this judicial district, but is

DEFENDANTS' ANSWER AND COUNTERCLAIM
DWT 18682034v2 0094513-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1 | more appropriate in the Northern District of California and this issue is subject to a
2 | concurrently filed motion to transfer venue.

3

4 | ## FACTS

5 | ## The Giants Club and its Marks

6 | 5.     The Giants Club was founded in 1883, making it one of the oldest and
7 | most established clubs in professional baseball history.  The Giants Club is one of the
8 | most widely-known and successful Major League Baseball clubs.  The Giants Club
9 | has made eighteen (18) WORLD SERIES championship series appearances and has
10 | won six (6) WORLD SERIES championship titles, including most recently in 2010.

11 | 6.     Many of the most famous Major League Baseball players are known for
12 | their accomplishments while members of the Giants Club.  Indeed, the Giants Club
13 | boasts over fifty members of the National Baseball Hall of Fame, including Willie
14 | Mays, Willie McCovey, Orlando Cepeda, Mel Ott and Gaylord Perry.

15 | 7.     For many years, the Giants Club has owned and used numerous names,
16 | trademarks, service marks, logos, designs, stylizations, images, trade dress and
17 | indicia, including, without limitation, the Club jersey marks containing various "San
18 | Francisco" stylizations (collectively the "Club Marks"), the Club's inherently
19 | distinctive trade dress colors and color combinations of orange and black, orange and
20 | white and a combination of orange, black and white ("Club Trade Dress Colors"), as
21 | well as the striping, uniform designs and/or positioning of the Club Marks or names,
22 | logos and other elements used on the Giants Club's uniforms or components thereof
23 | and on various items of apparel sold under license from the Giants Club and/or
24 | MLBP (collectively, the "Club Trade Dress").

25 | 8.     The Giants Club has long used its Club Marks and Club Trade Dress,
26 | including, without limitation, the Club Trade Dress Colors, in connection with
27 | baseball game and exhibition services and as part of an extensive licensing program
28 | on a wide variety of goods and services, and as a result of such usage, the Giants

14

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Club has built up enormous goodwill in the Club Marks, Club Trade Dress and Club Trade Dress Colors.

9.     Among the various Club Marks used by the Giants Club is the Giants Script San Francisco Mark as shown below:



Since at least as early as 1993, and long before Gogo Sports began using the Gogo Sports Script San Francisco Mark at issue in this case, the Giants Club and its licensees and/or its sponsors have used the Giants Script San Francisco Mark, either alone or with other word, letters and/or design elements, including the Club Trade Dress and Club Trade Dress Colors, in connection with baseball game and exhibition services and a wide variety of goods and services, including, without limitation, apparel.

10.     The Giants Club owns a California state registration, Registration No. 114261, for the Giants Script San Francisco Mark in connection with "jerseys, caps, hats." (A copy of the Giants Club's California state registration is attached hereto as Exhibit A).

11.     Through MLBP, its licensing agent, the Giants Club has licensed hundreds of entities to use the Giants Script San Francisco Mark on or in connection with a wide variety of goods and services, including, without limitation, apparel. In addition, the Giants Club and MLBP have licensed the Giants Script San Francisco Mark in connection with local and/or national sponsorships promoting a wide range of entities spanning numerous industries.

12.     The Giants Club and its licensees and/or sponsors have extensively promoted and advertised the sale and distribution of goods and services, including baseball game and exhibition services and a wide variety of goods and services,

---

DEFENDANTS' ANSWER AND COUNTERCLAIM
DWT 18682034v2 0094513-000003

15

including apparel, bearing or offered in connection with the Giants Script San Francisco Mark, and have sold or distributed such goods and rendered such services in commerce throughout the United States.  As a result of those extensive sales and promotions, the Giants Club has made and continues to make substantial retail sales of merchandise bearing the Giants Script San Francisco Mark.

13.     As a result of the extensive sales and promotions of goods and services bearing the Giants Script San Francisco Mark, the Giants Club has built up a reputation for excellence and high quality and enormous goodwill in such mark. Through long use and extensive promotion, the Giants Script San Francisco Mark has acquired distinctiveness among the relevant consuming public and is immediately and widely identified with the Giants Club and its goods and services.

## Gogo Sports' Infringing Conduct

14.     Upon information and belief, since approximately 2008, Gogo Sports has been manufacturing, selling and/or offering to sell clothing items bearing the Gogo Sports Script San Francisco Mark as shown below:



15.     As the USPTO has already found, the Gogo Sports Script San Francisco Mark and the Giants Script San Francisco Mark are "virtually identical."  Both marks feature the same large wording SAN FRANCISCO in a stylized script font sloping upwards from left to right and with same underlined tail shape extending out from the "o" in "San Francisco."

16.     In addition, upon information and belief, Gogo Sports has sold and/or offered to sell, and is continuing to sell and/or offer to sell, clothing bearing the Gogo Sports Script San Francisco Mark bearing the Club Trade Dress Colors long associated with the Giants Club, as shown below:

16

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Giants Club Product:



Gogo Sports Product:

 

17.     Upon information and belief, Gogo Sports deliberately copied the look of the Giants Script San Francisco Mark and used it in connection with the Club Trade Dress and Club Trade Dress Colors in an effort to trade on the enormous goodwill and favorable reputation of the Giants Club and its marks.

18.     Upon information and belief, Gogo Sports is using its Gogo Sports Script San Francisco Mark in connection with the same kind of clothing items on which the Giants Club uses its Giants Script San Francisco Mark, and Gogo Sports'

DEFENDANTS' ANSWER AND COUNTERCLAIM
DWT 18682034v2 0094513-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1   goods are being sold and/or have been sold to the same relevant class of consumers

2   who purchases or may purchase licensed merchandise sold by the Giants Club.

3        19.    Gogo Sports' use of the Gogo Sports Script San Francisco Mark, alone

4   or in connection with the Club Trade Dress and Club Trade Dress Colors, is likely to

5   cause confusion, mistake or deception as to the source and origin of Gogo Sports'

6   goods, and is likely to cause consumers to draw the false impression that Gogo

7   Sports' goods are associated with, authorized, endorsed or sponsored by, or that

8   Gogo Sports is a sponsor of the Giants Club.

9        20.    Gogo Sports' use of the confusingly similar Gogo Sports Script San

10   Francisco Mark has been made without the permission or authority of the Giants

11   Club and/or MLBP.

12        21.    Unless and until Gogo Sports is enjoined from any further unauthorized

13   exploitation of the Gogo Sports Script San Francisco Mark, Gogo Sports will

14   continue to use such mark in violation of the Giants Club's trademark rights.

15   Although MLBP attempted in its capacity as licensing agent for the Giants Club to

16   halt any further use by Gogo Sports of the Gogo Sports Script San Francisco Mark,

17   and or any other marks identical to or confusingly similar to any other Major League

18   Baseball trademarks, Gogo Sports has refused to comply with MLBP's demands.

19        22.    Upon information and belief, by virtue of its unlawful conduct, Gogo

20   Sports has made substantial profits and gains to which it is not in law or equity

21   entitled.

22        23.    Upon information and belief, Gogo Sports' actions have been willful,

23   wanton, reckless and in total disregard of the Giants Club's superior valuable

24   trademark rights.

25        24.    Because the Giants Club cannot control the quality of merchandise sold

26   or offered for sale by Gogo Sports, the use by Gogo Sports of the Gogo Sports Script

27   San Francisco Mark threatens to damage the Giants Club's reputation and the

28   valuable goodwill the Giants Club enjoys in its Giants Club Script San Francisco

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Mark.  Indeed, according to information posted on Gogo Sports' website under the heading "Recall," certain merchandise bearing the Gogo Sports Script San Francisco Mark has been the subject of a recall by the U.S. Consumer Product Safety Commission because the items have a "drawstring at the neck and/or waist which can pose a strangulation hazard to children."  Obviously, any confusion associating such defective products with the Giants Club could pose serious injury to the Giants Club and undermine the established reputation and valuable goodwill the Giants Club has developed in its marks and the merchandise sold under such marks.

25.     As a result of Gogo Sports' unlawful actions, the Giants Club has been and will continue to be damaged, and has suffered and will continue to suffer immediate and irreparable injury for which the Giants Club has no adequate remedy at law.

## FIRST COUNTERCLAIM

### (False Designation of Origin, Lanham Act § 43(a))

26.     Defendants and Counterclaim-Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-25 of the Counterclaims with the same force and effect as if set forth fully herein.

27.     Gogo Sports' conduct as described above constitutes the use in commerce of a false designation of origin, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

28.     This is an exceptional case, and in addition to their other claimed remedies, Defendants and Counterclaim-Plaintiffs are entitled to their reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

19

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## SECOND COUNTERCLAIM

### (Common Law Trademark Infringement and Unfair Competition)

29.     Defendants and Counterclaim-Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-28 of the Counterclaims with the same force and effect as if set forth fully herein.

30.     Gogo Sports' conduct as described above constitutes trademark infringement and unfair competition under the common law of the State of California.

## THIRD COUNTERCLAIM

### (Violation of California Business & Professions Code § 14245 *et seq.* – Infringement and Violation of State-Registered Trademark)

31.     Defendants and Counterclaim-Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-30 of the Counterclaims with the same force and effect as if set forth fully herein.

32.     California Business & Professions Code section 14245 *et seq.* prohibits the use, "without the consent of the registrant, [of] any reproduction, counterfeit, copy, or colorable imitation of a mark registered under this chapter in connection with the sale, distribution, offering for sale, or advertising of goods or services on or in connection with which the use is likely to cause confusion or mistake, or to deceive as to the source of origin of the goods or services."

33.     The Gogo Sports Script San Francisco Mark constitutes a colorable imitation of the Giants Script San Francisco Mark that is likely to cause confusion or mistake, or to deceive as to the source of origin of Gogo Sports' goods bearing such mark, in violation of California Business & Professions Code section 14245 *et seq.*

DEFENDANTS' ANSWER AND COUNTERCLAIM
DWT 18682034v2 0094513-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## FOURTH COUNTERCLAIM

### (Violation of California Business & Professions Code § 17200 *et seq.*)

34.     Defendants and Counterclaim-Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-33 of the Counterclaims with the same force and effect as if set forth fully herein.

35.     California Business & Professions Code section 17200 *et seq.* prohibits any unlawful, unfair or fraudulent business act practice.

36.     Counterclaim-Defendant's conduct described above constitutes unfair methods of competition, unlawful, unfair or fraudulent business acts or practices, in violation of California Business and Professions Code section 17200 *et seq.*

37.     Counterclaim-Defendant has willfully engaged in said acts or practices for their own commercial advantage knowing full well that those acts and practices were unlawful, unfair, or fraudulent.

38.     The unlawful, unfair, and fraudulent business acts and practices of Counterclaim-Defendant are continuing and will continue, to mislead the public.

## FIFTH COUNTERCLAIM

### (Cancellation of Trademark Registration, Lanham Act § 37)

39.     Defendants and Counterclaim-Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-38 of the Counterclaims with the same force and effect as if set forth fully herein.

40.     This claim is for cancellation of Gogo Sports' federal trademark registration, Registration No. 3,933,119, on the Supplemental Register of the USPTO for its Gogo Sports Script San Francisco Mark.

41.     Gogo Sports was not entitled to register the Gogo Sports Script San Francisco Mark because it is confusingly similar to, and an infringement of, the Giants Club's Giants Script San Francisco Mark in which the Giants Club has prior trademark rights.

21

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

42.     Registration of the Gogo Sports Script San Francisco Mark has caused injury to the Giants Club because the Gogo Sports Script San Francisco Mark is likely to be confused with the Giants Script San Francisco Mark and has blocked the Giants Club's ability to obtain a registration in the USPTO of its own Giants Script San Francisco Mark, which mark has been used for many years prior to Gogo Sports' use and/or registration of the Gogo Sports Script San Francisco Mark.

43.     Accordingly, the Court should cancel Gogo Sports' registration on the Supplemental Register of the USPTO, Registration No. 3,933,119, for the Gogo Sports Script San Francisco Mark.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants and Counterclaim-Plaintiffs demand that judgment be entered against Plaintiff and Counterclaim-Defendant as follows:

A.      Ordering that Gogo Sports and its agents, servants, representatives, employees, successors and assigns, and all those persons or entities in active concert or participation with any of them who receive actual notice of the injunctive order, be enjoined, preliminarily and permanently, from (a) using the Gogo Sports Script San Francisco Mark or any other marks confusingly similar to the Giants Script San Francisco Mark; (b) using the designation "San Francisco" in connection with the Club Trade Dress Colors; (c) using the Club Marks, Club Trade Dress or any other marks or trade dress confusingly similar thereto; and (d) doing any other act or thing calculated or likely to cause confusion with the Club Marks, Club Trade Dress and/or Club Trade Dress Colors, or to suggest that Gogo Sports or its business, licensees, manufacturers, distributors, and/or their respective goods or services are in any way associated or affiliated with, endorsed or sponsored by, or are sponsors of, the Club, MLBP or any of the MLB Entities.

B.      Ordering that all merchandise, signs, advertising, marketing and promotional materials, packing materials, wrappings, catalogs, decals, stationery,

DEFENDANTS' ANSWER AND COUNTERCLAIM
DWT 18682034v2 0094513-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

work orders, or other goods or printed matter bearing (a) the Gogo Sports Script San Francisco Mark or any other marks confusingly similar to the Giants Script San Francisco Mark, (b) the designation "San Francisco" in connection with the Club Trade Dress Colors, or (c) the Club Marks, Club Trade Dress or any other marks or trade dress confusingly similar thereto, and all machinery, plates, molds, matrices or other material for producing, printing, or distributing such items in Gogo Sports' possession, custody or control, be delivered up for destruction or other disposition at the sole discretion of Defendants and Counterclaim-Plaintiffs.

C.     Ordering that Gogo Sports be directed to file with the Court and serve upon Defendants and Counterclaim-Plaintiffs, within 30 days after entry of final judgment, a report in writing and under oath setting forth in detail the manner and form in which Gogo Sports has complied with the provisions set forth in Paragraphs A through B above.

D.     Ordering the USPTO to cancel Gogo Sports' Registration No. 3,933,119 on the Supplemental Register of the USPTO for the Gogo Sports Script San Francisco Mark.

E.     Ordering Gogo Sports to account to Defendants and Counterclaim-Plaintiffs for all gains, profits and advantages derived from Gogo Sports' wrongful acts, together with interest therein, and ordering restitution and/or disgorgement of Gogo Sports' ill-gotten gains to Defendants and Counterclaim-Plaintiffs.

F.     Ordering Gogo Sports to pay to Defendants and Counterclaim-Plaintiffs any damages sustained by Defendants and Counterclaim-Plaintiffs in an amount to be determined at trial, together with interest therein.

G.     Ordering that as exemplary damages Defendants and Counterclaim-Plaintiffs recover from Gogo Sports three times the amount of Gogo Sports' profits or Defendants and Counterclaim-Plaintiffs' damages, whichever is greater, for willful infringement.

DEFENDANTS' ANSWER AND COUNTERCLAIM
DWT 18682034v2 0094513-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

H.     Ordering Gogo Sports to pay increased and punitive damages in an amount to be determined at trial as a result of its willful conduct - including, but not limited to, those increased damages authorized by 15 U.S.C. § 1117.

I.     Ordering that Defendants and Counterclaim-Plaintiffs recover their reasonable attorneys' fees from Gogo Sports, together with the costs of this action.

J.     Ordering that Defendants and Counterclaim-Plaintiffs be awarded interest on all amounts awarded hereunder.

K.     Ordering that Defendants and Counterclaim-Plaintiffs be granted such other and further relief as the Court deems just and proper.


DATED: January 5, 2012                    COWAN, LIEBOWITZ & LATMAN, P.C.
                                          RICHARD S. MANDEL

                                          DAVIS WRIGHT TREMAINE LLP
                                          JAMES D. NGUYEN
                                          SEAN M. SULLIVAN


                                          By: _____
                                                  James D. Nguyen
                                          Attorneys for Defendants and
                                          Counterclaimants MAJOR LEAGUE
                                          BASEBALL PROPERTIES, INC.; and SAN
                                          FRANCISCO BASEBALL ASSOCIATES,
                                          L.P. (sued erroneously as THE SAN
                                          FRANCISCO GIANTS BASEBALL CLUB)

DEFENDANTS' ANSWER AND COUNTERCLAIM
DWT 18682034v2 0094513-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Exhibit A

# State of California
## Secretary of State

### CERTIFICATE OF REGISTRATION OF TRADEMARK

*I, DEBRA BOWEN,* Secretary of State of the State of California, hereby certify:

| | |
|---|---|
| Trademark Reg. No.: | 114248 |
| Name of Registrant: | San Francisco Baseball Associates L.P. |
| Business Address: | AT&T Park, 24 Willie Mays Plaza |
| | San Francisco, CA 94107 |
| State of Incorporation/ Organization: | California |
| Date First Used in California: | December 31, 1993 |
| Date First Used Anywhere: | December 31, 1993 |
| Description of Trademark: | The mark consists of the words San Francisco in a stylized script lettering.  (Disclaimer: "San Francisco") |
| Description of Goods on which the Trademark is Used: | Jerseys, Caps, Hats |
| Class Number(s): | 25 |
| Date of Registration: | October 1, 2010 |
| Term of Registration Extends to and Includes: | October 1, 2015 |

In accordance with the application filed in this office, the Trademark described above has been duly registered.   A copy, specimen, facsimile, counterpart or a reproduction of the mark is attached.

IN WITNESS WHEREOF, I execute this certificate and affix the Great Seal of the State of California this 1st day of October 2010



**DEBRA BOWEN**
**Secretary of State**



# State of California
## Secretary of State

### REGISTRATION OF TRADEMARK OR SERVICE MARK
Pursuant to Business and Professions Code Section 14207
**IMPORTANT – Read instructions before completing this form.**

| REGISTRATION APPLICATION FOR: | ☒ TRADEMARK | ☐ SERVICE MARK |
|---|---|---|

**1. REGISTRANT NAME**
San Francisco Baseball Associates L.P.

**2. BUSINESS ADDRESS**
AT&T Park, 24 Willie Mays Plaza

**CITY AND STATE**
San Francisco, CA

**ZIP CODE**
94107

**3. BUSINESS STRUCTURE (Check One)**

☐ CORPORATION (State of Incorporation)_____

☐ LIMITED LIABILITY COMPANY (State of Organization)_____

☒ LIMITED PARTNERSHIP (State of Organization) California

☐ GENERAL PARTNERSHIP (State of Organization)_____

☐ SOLE PROPRIETOR

☐ SPOUSES, AS COMMUNITY PROPERTY

☐ DOMESTIC PARTNERS, AS COMMUNITY PROPERTY

☐ OTHER (Describe)_____

**4. NAMES OF GENERAL PARTNERS, IF REGISTRANT IS A PARTNERSHIP**
Woodling Enterprises LLC, National Pastime Corporation, Grand Slam Baseball LP

**5. NAME AND/OR DESIGN OF MARK.** (For design, provide a brief written description that can be pictured in the mind without reference to the specimens. Do not draw the design on the application. Attach a drawing of the mark.)

The mark consists of the words SAN FRANCISCO in **a stylized script lettering.**

**6. DISCLAIMER (If Applicable) NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE THE TERM:**
SAN FRANCISCO apart from the mark as shown.

**7a. DATE THE MARK WAS FIRST USED IN CALIFORNIA**
At least as early as 12/31/1993

**7b. DATE THE MARK WAS FIRST USED ANYWHERE**
At least as early as 12/31/1993

**8a. IF A TRADEMARK, LIST SPECIFIC GOODS. IF A SERVICE MARK, LIST SPECIFIC SERVICE.**
Jerseys, Caps, Hats.

**8b. CLASS NUMBER(S)** 25

THIS SPACE FOR FILING OFFICER USE
TRADE/SERVICE MARK
REG. NO. 00114248
CLASS NO.(S) 25

**FILED**
in the office of the Secretary of State
of the State of California
OCT 1 2010

**9. RETURN ACKNOWLEDGMENT TO: (Type or Print)**
NAME Carmen J. Hunt
Major League Baseball Properties, Inc.
ADDRESS 245 Park Avenue
CITY/STATE/ZIP New York, NY 10167

SEC/STATE TM 100 (REV. 07/08)

FILING FEE: $70.00 PER CLASSIFICATION

10. PLEASE INDICATE WHETHER AN APPLICATION TO REGISTER THE MARK, OR PORTIONS, OR A COMPOSITE THEREOF, HAS BEEN FILED BY THE REGISTRANT OR A PREDECESSOR IN INTEREST WITH THE UNITED STATES PATENT AND TRADEMARK OFFICE.

FILING DATE _____ SERIAL/FILE NO._____ STATUS OF APPLICATION _____

IF REFUSED, WHY? _N/A_____

_____

---

11. MANNER IN WHICH THE MARK IS USED (Check all that apply)

FOR TRADEMARKS ONLY

- [x] ON LABELS AND TAGS AFFIXED TO THE GOODS
- [ ] ON LABELS AND TAGS AFFIXED TO CONTAINERS OF THE GOODS
- [x] BY PRINTING IT DIRECTLY ONTO THE GOODS
- [ ] BY PRINTING IT DIRECTLY ONTO THE CONTAINERS OF THE GOODS
- [x] OTHER _By displaying it in association with the goods_
  in the sale and distribution thereof.

FOR SERVICE MARKS ONLY

- [ ] ON BUSINESS SIGNS
- [ ] ON ADVERTISING BROCHURES
- [ ] ON ADVERTISING LEAFLETS
- [ ] ON BUSINESS CARDS
- [ ] ON LETTERHEADS
- [ ] ON MENUS
- [ ] OTHER _____

---

12. SPECIMENS (Check one box below and enclose three (3) identical original specimens)

FOR TRADEMARKS ONLY

- [ ] ACTUAL LABELS
- [ ] ACTUAL TAGS
- [x] PHOTOGRAPHS OF GOODS/CONTAINERS SHOWING THE TRADEMARK
- [ ] FRONT PANELS OF A PAPER CONTAINER BEARING THE TRADEMARK
- [ ] OTHER _____

FOR SERVICE MARKS ONLY

- [ ] BUSINESS CARDS
- [ ] ADVERTISING BROCHURES
- [ ] ADVERTISING LEAFLETS
- [ ] MENUS SHOWING THE MARK
- [ ] OTHER _____

---

13. DECLARATION OF OWNERSHIP

Applicant declares that the applicant is the owner of the mark, that the mark is in use, and that to the knowledge of the person verifying the application, no other person has registered in this state, or has the right to use the mark, either in the identical form or in such near resemblance as to be likely, when applied to the goods or services of the other person, to cause confusion, to cause mistake, or to deceive.

---

14. DECLARATION OF ACCURACY

00114248

Applicant declares that all the information contained in this registration is accurate and if the applicant willfully states in the registration any material fact that the applicant knows to be false, the applicant shall be subject to a civil penalty of not more than ten thousand dollars ($10,000.00).

_8-18-2010_

DATE

_____

SIGNATURE OF AUTHORIZED PERSON

Jack Bair, Senior Vice President & General Counsel
TYPE OR PRINT NAME AND TITLE

00114248



A COPY, SPECIMEN, FACSIMILE, COUNTERPART OR
REPRODUCTION OF TRADEMARK REG. NO. 00114248



## PROOF OF SERVICE BY HAND DELIVERY

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Suite 2400, Los Angeles, California 90017-2566.

On January 5, 2012, I caused the foregoing document(s) described as: **DEFENDANTS' ANSWER TO COMPLAINT AND COUNTERCLAIM** to be personally served on plaintiff's counsel in this action by requesting that a messenger from Global Network Legal Support hand deliver on January 5, 2012, a true copy of the above-named document, enclosed in a sealed envelope as follows:

Al Mohajerian, Esq.
Amish Shah, Esq.
MOHAJERIAN INC.
2029 Century Park East, 19th Floor
Los Angeles, CA  90067

Executed on January 5, 2012, at Los Angeles, California.

☐     State          I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☑     Federal       I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| Dee Keegan | _Dee Keegan_ (signature) |
|---|---|
| Print Name | Signature |